STEPHEN H. WARREN (S.B. #136895)
DAVID P. ENZMINGER (S.B. #137065)
REUBEN D. WILSON (S.B. #212563)
DIANA ROMAN SHAW (S.B. #252606)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Counsel to PAYMENTONE CORPORATION

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>OLD T.B.R., INCORPORATED. f/k/a THE BILLING RESOURCE, dba Integretel, a California corporation,<br><br>Debtor.<br><br>Tax ID: 33-0289863 | Case No. 07-52890<br><br>Adversary Proceeding Case No. 09-05077<br><br>Adversary Proceeding Case No. 09-05074<br><br>Chapter 11<br><br>**Joint Status Conference Statement of PaymentOne Corporation and Old T.B.R., Inc.** |
| The Billing Resource, LLC (New T.B.R.)<br><br>Plaintiff,<br>v.<br><br>Old T.B.R., Incorporated f/k/a The Billing Resource, Inc., dba Integretel, Payment One and Joseph Lynam<br><br>Defendants, | Date: July 17, 2009<br>Time: 3:00 p.m.<br>Place: United States Bankruptcy Court<br>      280 South First Street<br>      San Jose, California<br>Judge: Hon. Arthur S. Weissbrodt<br>Courtroom: 3020 |
| Old T.B.R., Incorporated f/k/a The Billing Resource, Inc., Plaintiff,<br>v.<br>The Billing Resource, LLC (New T.B.R.)<br><br>Defendants, | |

0

## I. INTRODUCTION

On June 19, 2009, New TBR filed application for a Temporary Restraining Order in Adversary Proceeding No. 09-05077. PaymentOne and Old TBR filed oppositions to the application. New TBR filed a reply on June 30, 2009. The matter came on for hearing in this Court on July 2, 2009, in which the Court held that the relief could not be granted, among other reasons, because there was no adversary complaint on file requesting the relief. The Court ordered New TBR was to file an adversary complaint or amended complaint, if it desired, by July 9, 2009, containing a plea for the relief it seeks. The parties were directed to confer about the complaint and file a joint status conference report on July 14. Following that, the Court set a scheduling conference for July 17, 2009. Further, to preserve the dispute in the meantime, the Court asked the parties to agree that P1 would continue to provide 800 number and call center services to New TBR, provided that New TBR paid the $8,000.00 monthly for the service to continue. Both New TBR and P1 consented to this interim proposal. And finally, the Court confirmed that the parties' March 23, 2009 stipulation remains in effect until such time as New TBR shows good cause to be excused from the stipulation. See Docket Entry, July 3, 2009.

The Court further ordered that the status conference in Adversary Proceeding 09-05074, then set for July 15, 2009, be continued to July 17, at 3:00 p.m. to be considered at the same time as the status conference in Adversary Proceeding 09-05077.

New TBR did not file an adversary complaint or amended complaint as directed. Nor did New TBR pay P1 the $8,000.00 provided in the stipulated interim agreement. Pursuant to the Court's order, P1 and Old T.B.R. set out their joint position below. New T.B.R.'s counsel has not communicated with P1 or Old TBR since the July 2, 2009 hearing, and did not respond to P1's request for its position concerning this status conference.

1

## II. STATUS CONFERENCE POSITION OF P1 AND OLD TBR.

No request for injunctive relief is currently pending for which the parties can discuss a briefing schedule. Since New TBR opted not to file a complaint or an amended complaint seeking injunctive relief and has not paid P1 the $8,000 ordered by the court to P1 to maintain the #800 number service, P1 believes New TBR has abandoned its request for injunctive relief. As the Court noted during the July 2, hearing, no injunctive relief may be entered without a complaint seeking such relief.[1]

New TBR's abandonment of its request for injunction and failure to pay the interim rate for service effectively terminates P1's obligation to provide call center service or the use of the toll-free 800 numbers referenced in New TBR's earlier application. At the July 2, 2009 hearing, the Court persuaded the parties to agree on a short term solution pending New TBR's filing of an adversary proceeding or amending its complaint to state a claim for relief by July 9, 2009. But that deadline has passed and New TBR neither filed the promised papers nor paid the promised interim amount, thus there is no reason for P1 to continue providing call center service to New TBR or the use of the 800 numbers.

Even if New TBR were to suddenly pay the $8,000 before the status conference, there is still no reason for P1 to continue providing call center services under the SSSA. The contractual rights of the parties, including New TBR's payment obligations, are spelled out in that contract. Certainly this Court did not rewrite the parties' Shared Support Services Agreement ("SSSA") contract without notice or hearing such that New TBR is entitled to service indefinitely at a reduced price or without paying

---

[1] Preliminary injunctive relief can only be commenced after an action has been filed. *See Jones v. Horel*, 2009 WL 150960, at *3 (N.D. Cal. 2009) ("The court will not entertain a motion for a TRO/preliminary injunction unless the court has first determined that plaintiff has a pleading on file that states a claim for relief."), see *Amer. Nat'l Red Cross v. United Way Calif. Capital Region*, 2007 WL 4522967, at *11 (E.D. Cal. 2007) ("…a preliminary injunction [can]not be granted based on new assertions of mistreatment that [were] entirely different from the claim raised and the relief requested in the complaint, even if the new assertions might support additional claims against the same defendants.").

2

significant amounts owed simply because it chose **not** to file a complaint. New TBR has failed to pay for the services provided by P1 under the SSSA, and P1 may cease providing the service for which New TBR refuses to pay.

The second aspect of New TBR's moribund TRO filing on June 19 sought relief from the stipulated order of March 23, 2009, pursuant to which New TBR was precluded from taking extraordinary offsets in the amounts owed to P1.[2] This Court confirmed both at the April 20 hearing and at the July 2, hearing that the Court order precluding extraordinary offsets remained in effect. But instead of filing a request for relief from that order as the Court has twice suggested, New TBR has opted simply to violate the order.

On July 8, 2009, New TBR notified P1 that it intended to withhold an additional $55,000 weekly in the payments owed P1, in part, as a reserve for the "Biz to Biz" in an undetermined amount. See Attachment A (Letter dated July 8, 2009, Steve Cannon to Evan Meyer). This is exactly the offset discussed and prohibited by this Court on March 23, April 20, and July 2. Given that this Court has clearly prohibited that action on multiple occasions, P1 requests the Court to issue an Order to Show Cause Regarding Contempt of the March 23 order to require New TBR to explain, if it can, why its conduct does not violate the Court's orders.

### III. NEW TBR'S POSITION.

New TBR did not respond to P1's requests for its position to include in this Status Conference Report. P1 and Old TBR do not know if New TBR plans to file a separate status conference statement.

---

[2] This order was in Adversary Proceeding No. 09-05074.

Case: 09-05077   Doc# 27   Filed: 07/14/09   Entered: 07/14/09 15:13:05   Page 4 of 5

## IV. OLD TBR'S POSITION.

As noted above, Old TBR adopts the position of PaymentOne.

Dated: July 14, 2009

Respectfully submitted,

O'MELVENY & MYERS LLP

By /s/ Stephen H. Warren
Stephen H. Warren
Attorneys for PaymentOne Corporation

SHEPPARD MULLIN RICHER & HAMPTON LLP

By [signature]
Michael Ahrens
Attorneys for Old TBR, Inc.

4